UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUDOLPH BETANCOURT, Individually,

    Plaintiff,

vs.      Case No.

RMH HOTELS, INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT
*(For Injunctive Relief)*

Plaintiff, RUDOLPH BETANCOURT, Individually, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, RMH HOTELS, INC., a Florida Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

1.    Plaintiff, Rudolph Betancourt, resides in Fenwick, MI, in the County of Montcalm.

2.    Defendant's property, Quality Inn & Suites (FL245) is located at 8333 Dix Ellis Trail, Jacksonville, FL 32256, in the County of Duval.

3.    Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.	Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also*, 28 U.S.C. § 2201 and § 2202.

5.	Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

6.	Mr. Betancourt regularly drives to South Florida from Michigan, where he resides, to see friends and family (including his colleagues in the Marine Corps).  He comes to Jacksonville on his route to South Florida, to enjoy the many attractions that Jacksonville offers, including shopping, the beaches and the football stadium, and to advocate the rights of the disabled.

7.	Mr. Betancourt stayed as a hotel guest at the subject property, which forms the basis of this lawsuit, on September 14, 2021, and he intends to return to the subject hotel if the hotel is made accessible for his use, on February 10, 2023, pursuant to a confirmed reservation, to avail himself of the goods and services offered at the property, and to confirm that the property is brought into compliance with the ADA.  He also intends to continue coming to Jacksonville, FL, as resting stop on his regular trips to South Florida.

8.	The barriers to access at the subject property have endangered his safety.

9. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.

10. According to the public records of Duval County, the subject hotel was constructed on 1988, and the Defendant acquired same on November 8, 2013.

11. The subject property, Quality Inn & Suites (FL245), is operated by a private entity whose operation affects commerce and is a public accommodation as defined by the ADA and its implementing regulations. *See*, 28 C.F.R. § 36.104.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Quality Inn & Suites (FL245), not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq.*, as described in paragraph 14.

Title III prohibits the failure to design and construct hotels built for first occupancy after January 26, 1993, to be readily accessible to and useable by in individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. part 36, app A 42 U.S.C. § 12182(a)(1); 28 C.F.R. 36.401, 36.406(a).

Title III prohibits the failure to make alterations to hotels in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and useable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 CFR §§ 36.402, 403, 36.406(a).

Structures that existed before January 26, 1992, or facilities that the present owner did not design or construct, and which have not been altered since that date, need not meet the same design and implementation standards as facilities build after January 26, 1993. In such cases, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) "Where removal is not readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv).

The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. § 12181(9)

Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. <u>Garthright-Dietrich v. Atlanta Landmarks, Inc.</u>, 452 F. 3d 1269, 1272-73 (11th Cir. 2006)

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ <u>ADA Title III Technical Assistance Manual</u>, Section III-4.4400 Continuing obligation.

14. A preliminary inspection of the Quality Inn & Suites (FL245) has shown that violations exist. These violations that Plaintiff has personally encountered or observed include, but are not limited to:

    A. <u>Accessible Routes</u>

        1. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the Plaintiff to safely traverse to the lobby, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards. Cost: $500. The removal of this barrier is

5

readily achievable as this barrier is cited as an example of readily achievable in Section 503 of the 2010 ADA Standards – Passenger Loading Zones. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

2. There facility does not provide an accessible route to the public streets, public sidewalks and public transit from the facility entrance or accessible parking areas making it difficult for the Plaintiff to traverse to the public way, in violation of Section 206.2.1 in the 2010 ADA Standards. Cost: $7,500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 206 of the 2010 ADA Standards – Accessible Routes. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

3. The passenger loading zone had vertical changes in level that exceeded the maximum requirement of ¼ inch making it difficult for the Plaintiff to traverse, in violation of Sections 303.2 and 503.4 in the 2010 ADA Standards. Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 303 of the 2010 ADA Standards – Changes in Level. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

B. **Parking**

1. The accessible parking spaces throughout the facility have signage that is not a minimum of 60 inches above the ground to the bottom of the sign making it difficult for the Plaintiff to identify, in violation of Section 502.6 in the 2010 ADA Standards. Cost: $100 each. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 502 of the 2010 ADA Standards – Parking Spaces. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

2. The accessible parking spaces throughout the facility have vertical changes in level that exceed the maximum requirement of ¼ inch due to the cracks and abrasiveness making it difficult for the Plaintiff to traverse, in violation of Sections 303.2 and 502.4 in the 2010 ADA Standards. Cost: $5,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 303 of the 2010 ADA Standards – Changes in Level. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

3. The access aisles that serve the accessible parking stalls throughout the facility have curbs ramps projecting into them making it difficult for the Plaintiff to utilize, in violation of Section 406.5 in the 2010 ADA Standards. Cost: $1,200. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 406 of the 2010 ADA Standards – Curb Ramps. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

4. The accessible parking spaces throughout the facility have marking and striping that are dilapidated and in need of maintenance making it difficult for the Plaintiff to identify, in violation of Section 36.211 in the CFR, whose resolution is readily achievable. Cost: $350 each. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

C. <u>Entrances</u>

1. The back entrance and front entrance to the main lobby do not provide the international symbol of accessibility or directional signage making it difficult for the Plaintiff to identify the accessible entrance, in violation of Sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable. Cost: $125 each. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in Section 216 of the 2010 ADA Standards – Signs. The

        cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

D. <u>Common-Lobby Area</u>

1. The service counter in the main lobby exceeds the maximum height requirement of 36 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 904.4.1 and 904.4.2 in the 2010 ADA Standards. Cost: $1,200. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 904 of the 2010 ADA Standards – Check-Out Aisles and Sales and Service Counters. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

2. The coffee counter exceeds the maximum height allowance of 36 inches above the finish floor to the top of the counter making it difficult for the Plaintiff to utilize, in violation of Section 904.4 in the 2010 ADA Standards. Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 904 of the 2010 ADA Standards – Check-Out Aisles and Sales and Service Counters. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

3. Both of the coffee dispensers' operable mechanisms exceed the maximum height of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards. Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 308 of the 2010 ADA Standards – Reach Ranges. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

E. **Exterior Dining Area**

1. The dining tables to not provide knee and toe as required making it difficult for the Plaintiff to utilize, in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards. Cost: $500 each. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 306 of the 2010 ADA Standards – Knee and Toe Clearance. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

F. **Accessible Public Unisex Restroom**

1. The Plaintiff had to use caution when using the lavatory due to the drain pipe and water lines being fully exposed and not insulated as required making it difficult for the Plaintiff to utilize, in violation of Section 606.5 in the 2010 ADA Standards. Cost: $500 each. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 606 of the 2010 ADA Standards – Lavatories and Sinks. The cost of remediation of this barrier is consistent with readily achievable items at 28 CFR § 36.304(b)(14) – Removal of Barriers – Insulating lavatory pipes under the sinks to prevent burns.

2. The flush control is located on the wrong side of the water closet making it difficult for the Plaintiff to utilize, in violation of Section 604.6 in the 2010 ADA Standards. Cost: $500. The removal of this barrier is readily achievable as this barrier as the cost is less than some of the other examples of readily achievable listed in 28 CFR § 36.304(b) – Removal of Barriers.

3. The toilet does not have 60 inches of perpendicular clearance from the side wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.3.1 in the 2010 ADA Standards. Cost: $1,000. The removal of this barrier is readily achievable as this barrier as the cost is less than some of the other examples of readily achievable listed in 28 CFR § 36.304(b) – Removal of Barriers.

4. The toilet's side wall grab bar does not extend a minimum of 54 inches from the rear wall making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards. Cost: $500. The removal of this barrier to access is readily achievable as this barrier is cited as an example of readily achievable in 28 CFR § 36.304(b) – Removal of Barriers.

5. The toilet paper dispenser exceeds the required range from the front rim of the toilet of 7 inches minimum and 9 inches maximum making it difficult for the Plaintiff to utilize, in violation of Section 604.7 in the 2010 ADA Standards. Cost: $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Sections 604 of the 2010 ADA Standards – Water Closets and Toilet Compartments. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

6. The public men's restroom door has a threshold that has a vertical change in level that exceeds the maximum requirement of ¼ inch making it difficult for the Plaintiff to utilize, in violation of Sections 303.2 and 404.2.5 in the 2010 ADA Standards. Cost: $250. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 303 of the 2010 ADA Standards – Changes in Level. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

G. **Pool Area**

1. The hot tub spa does not provide a swimming pool lift as required for a wheel chair user making it difficult for the Plaintiff to utilize, in violation of Section 242.4 in the 2010 ADA Standards, whose resolution is readily achievable. Cost: $3,500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 242 of the 2010 ADA Standards – Swimming Pools, Wading Pools, and Spas. The cost of

remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

H. **Guest Room 119**

1. The water tank is obstructing the 1 ½ inches of spacing below the rear wall grab bar making it difficult for the Plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards. Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 609.3 of the 2010 ADA Standards – Grab Bars – Spacing. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

2. The toilet's side wall grab bar does not extend a minimum of 54 inches from the rear wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards. Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 604.5 of the 2010 ADA Standards – Water Closets and Toilet Compartments - Grab Bars. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

3. The toilet is obstructing the clear floor space for an approach to the towel shelf making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards. Cost: $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 305 of the 2010 ADA Standards – Clear Floor or Ground Space. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

4. The trash receptacle and lavatory are obstructing the toilet's 60 inches of perpendicular clearance from the side wall making it difficult for the Plaintiff to utilize, in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards. Cost: $1,500. The removal of this barrier is

readily achievable as this barrier is cited as an example of readily achievable in Section 604 of the 2010 ADA Standards – Water Closets and Toilet Compartments. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

5. The permanent folding seat in the standard roll-in shower is not in the compliant location as required making it difficult for the Plaintiff to utilize, in violation of Sections 608.4 and 610.3 in the 2010 ADA Standards. Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 608 of the 2010 ADA Standards – Shower Compartments. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

6. The shower spray unit and controls are not in the compliant location on the back wall 27 inches maximum from the seat wall and not exceeding the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to use, in violation of Section 608.5.2 of the 2010 ADA Standards. Cost: $1,500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 608 of the 2010 ADA Standards – Shower Compartments. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

7. The grab bars on the back wall and control end wall in the standard roll-in shower are not in the compliant height range of 33 inches minimum and 36 inches maximum above the finish floor to the top of the gripping surface making it difficult for the Plaintiff to utilize, in violation of Section 608.3.2 in the 2010 ADA Standards. Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 608 of the 2010 ADA Standards – Shower Compartments. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

8. The standard roll-in shower has a threshold with a vertical change in level that exceeds the maximum requirement of ¼ inch making it difficult for the Plaintiff to utilize, in violation of Sections 303.2 and 608.7 in the 2010 ADA Standards. Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Sections 303 and 608 of the 2010 ADA Standards – Changes in Level, and Shower Compartments. The cost of remediation is consistent with readily achievable items at 28 CFR § 36.304(b) - Removal of Barriers.

9. The Plaintiff had to use caution when using the lavatory due to the drain pipe and water lines being fully exposed and not insulated as required making it difficult for the Plaintiff to utilize, in violation of Section 606.5 in the 2010 ADA Standards. Cost: $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 606 of the 2010 ADA Standards – Lavatories and Sinks. The cost of remediation of this barrier is consistent with readily achievable items at 28 CFR § 36.304(b)(14) – Removal of Barriers – Insulating lavatory pipes under the sinks to prevent burns.

10. The mirror exceeds the maximum height of 40 inches above the finish floor to the reflecting surface making it difficult for the Plaintiff to utilize, in violation of Section 603.3 in the 2010 ADA Standards. Recommendation: Lower the mirror not to exceed 40 inches above the finish floor. Cost: $100. The removal of this barrier to access is readily achievable as the cost is less than some of the other examples of readily achievable listed in Section 603.3 of the 2010 ADA Standards – Toilet and Bathing Rooms – Mirrors. The cost of remediation of this barrier is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

11. The curtains operable mechanisms exceed the maximum height of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to reach, in violation of Sections 308.2, 308.3, and 309.3 in the 2010

      ADA Standards. Cost: $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Sections 308 and 309 of the 2010 ADA Standards – Reach Ranges, and Operable Parts. The cost of remediation of this barrier is consistent with readily achievable items at 28 CFR § 36.304(b) – Removal of Barriers.

  **H.** **<u>Lack of Compliant Disabled Rooms Not Properly Disbursed</u>**

    1. The subject hotel lacks the required number of compliant accessible rooms and the compliant accessible rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

  **I.** **<u>Maintenance</u>**

    1. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 C.F.R. § 36.211.

15. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations,

14

as set forth above. The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. 36.302 *et seq*. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be

disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205, and 28 C.F.R. 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Quality Inn & Suites (FL245) to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

E. Such other relief as the Court deems just and proper and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

/s/John P. Fuller
John P. Fuller, Esq.
FL Bar No. 0276847
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile (305) 893-9505
jpf@fullerfuller.com

Counsel for Rudolph Betancourt